**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JACOB STEPHEN BLAYLOCK,**<br><br>**Defendant.** | **Case No. 26-CR-00068-SEH** |

**OPINION AND ORDER**

Before the Court is Defendant Jacob Stephen Blaylock's Motion to Revoke Detention Order. [ECF No. 25]. For the reasons provided below, the motion is denied.

**I. Background**

A federal grand jury charged Defendant Jacob Blaylock with assault with a dangerous weapon with intent to do bodily harm in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, and 113(a)(3). [ECF No. 2]. The government did not move for Blaylock's detention, and he became subject to an appearance bond and conditions of pretrial release. [ECF No. 5].

On July 22, 2026, Blaylock pleaded guilty before United States Magistrate Judge Mark T. Steele, without a plea agreement. [ECF Nos. 21–24]. At the change of plea hearing, Judge Steele recognized that Blaylock was subject to

mandatory detention pending sentencing. [ECF No. 28 at 17]. After hearing argument about whether exceptional reasons existed that would warrant Blaylock to stay released pending sentencing, Judge Steele ordered him detained. [*Id.* at 31]. Blaylock now moves for a revocation of Judge Steele's detention order. [ECF No. 25].

**II. Applicable Standard**

"If a person is ordered detained by a magistrate judge, ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."18 U.S.C. § 3145(b). The Court's review of a magistrate judge's detention order is de novo. *See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). A hearing, however, is not required. *United States v. Greene*, 158 F. App'x 941, 942 (10th Cir. 2005).

**III. Analysis**

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing[.]" Fed. R. Crim. P. 46(c). Under 18 U.S.C. § 3143(a)(2), the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained." Offenses falling under § 3142(f)(1)(A) through (C) include crimes of violence, offenses carrying a maximum sentence of life imprisonment or death, and crimes involving controlled substances that carry maximum sentences of 10 years or more. 18

U.S.C. § 3142(f)(1)(A–C). When a defendant pleads guilty to an offense falling under one of these provisions, detention is mandatory unless: (i) the government recommends that no sentence of imprisonment be imposed; and (ii) the Court finds by clear and convincing evidence that the defendant is neither a flight risk nor a danger to any other person or the community. 18 U.S.C. §§ 3143(a)(2)(A)(ii), (B). Absent this exception, a person subject to detention under § 3143(a)(2) "may be ordered released, under appropriate conditions," if they show by clear and convincing evidence that they are not a flight risk or danger to the safety of any other person or the community, and clearly show "that there are exceptional reasons why … detention would not be appropriate." 18 U.S.C. § 3145(c); *see* Fed. R. Crim. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.").

A claim of "exceptional reasons" must be evaluated on a case-by-case basis. *United States v. Wages*, 271 F. App'x 726, 727 (10th Cir. 2008) (citations omitted). "'Exceptional' is defined as 'being out of the ordinary: uncommon, rare.'" *Id.* (citation omitted). Thus, the Court must determine "whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released) it would be

unreasonable to incarcerate the defendant." *United States v. Mutte*, 383 F. App'x 716, 718 (10th Cir. 2010) (quotation omitted).

Here, Blaylock argues that exceptional reasons exist that warrant his release. [ECF No. 25 at 5–7]. Specifically, he asserts that his prescribed Adderall is unavailable to him while in custody, and that he may suffer a disruption in his other anxiety medications. [*Id.* at 5]. He contends "there is an exceptional risk" that he may suffer "severe and life-threatening withdrawal effects due to his continued detention." [*Id.* at 6]. Blaylock further relies on his compliance with conditions of pretrial release, his close ties with the community, his cooperative and respectful attitude throughout his case, and the fact the government did not move for pretrial detention to show that his circumstances are exceptional. [*Id.*].

In response, the government argues that Blaylock has not clearly shown exceptional reasons why his detention would not be appropriate, nor shown by clear and convincing evidence that he is not likely to pose a danger to the safety of any other person or the community if released. [ECF No. 29]. The government contends that Blaylock has "offered no evidence that he is actually suffering any medical hardships[,]" and that courts have found mental health issues and compliance with pretrial release not exceptional under § 3145(c). [*Id.* at 5–6]. The government further argues that its decision

not to seek pretrial detention does not carry Blaylock's burden to show he is not a danger to the community. [*Id.* at 7–8].

Having considered Blaylock's arguments and the particular circumstances of this case, the Court does not find any circumstance, either singly or in combination, that constitutes exceptional reasons warranting release pending sentencing. Blaylock has not identified specific facts concerning his health situation that render it exceptional relative to whatever care he receives (or has not received) in custody. Although he mentioned depression at the change of plea hearing, the only condition he cites in his briefing is anxiety. [*Compare* ECF No. 28 at 18 *with* ECF No. 25 at 5]. Nothing in the record suggests that either are unusual or unusually serious conditions, or that they require treatment that Blaylock's detention facility is unable to provide.[1] Further, "[o]ther courts have found that a defendant's mental health

---

[1] Although Blaylock proffers that his prescribed Adderall is unavailable to him while detained, his concern about his other medications is purely speculative. The study Blaylock cites as to Adderall was published in 2009 and shows "[s]ymptoms of amphetamine withdrawal are time limited, with most resolving in a week." Shoptaw, Steven J et al., *Treatment for amphetamine withdrawal*, The Cochrane database of systematic reviews vol. 2009, (Apr. 15, 2009), *available at* https://pmc.ncbi.nlm.nih.gov/articles/PMC7138250/. Also, the study's objective was to "assess the effectiveness of pharmacological alone or in combination with psychosocial treatment for amphetamine withdrawals on discontinuation rates, global state, withdrawal symptoms, craving, and other outcomes." *Id.* The Court finds this study unsupportive of Blaylock's assertion that he faces the risk of "severe and life-threatening withdrawal effects due to his continued detention." [ECF No. 25 at 6]. Further, the article Blaylock highlights involving allegations of medical neglect in two different facilities run by CoreCivic does not discuss any facility in Oklahoma. [*See* ECF No. 25 at 6 n.4].

problems and treatment do not rise to the level of exceptional reasons." *United States v. Petersen*, No. 22-CR-371-JFH, ECF No. 39 at *6 (N.D. Okla. April 17, 2023) (citing *Wages*, 271 F. App'x at 728 and *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004)).

Blaylock's conduct on pretrial release is also nothing more than what was required of him. *See United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release."); *Karacsonyi v. United States*, 152 F.3d 918 (Table), 1998 WL 401273, at *1 (2d Cir. 1998) (unpublished) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release.").

Last, the fact the government did not move for pretrial detention is also not out of the ordinary, uncommon, or rare. The government explains, and the Court agrees, that its decision not to pursue pretrial detention was made at a time when Blaylock was presumed innocent. [ECF No. 29 at 8].

Because the Court finds Blaylock has not met his burden of clearly showing exceptional reasons why his detention would not be appropriate, it need not determine whether he has shown by clear and convincing evidence that he is not a flight risk or danger to the community.

**IV. Conclusion**

For the reasons stated above, the Court finds Blaylock has failed to carry his burden under 18 U.S.C. § 3143(a)(2). Accordingly, his Motion to Revoke Detention Order [ECF No. 25] is DENIED. Defendant Jacob Blaylock shall remain detained pending his sentencing hearing.

DATED this 24th day of August, 2026.

Sara Hill

Sara E. Hill
UNITED STATES DISTRICT JUDGE